No. 100,491

In the Matter of RICHARD E. JONES, *Respondent.*
(315 P.3d 257)

On February 15, 2012, this court suspended the respondent, Richard E. Jones, from the practice of law in Kansas for a period of 6 months. See *In re Jones*, 293 Kan. 871, 269 P.3d 833 (2012). The court further ordered that respondent undergo a hearing pursuant to Supreme Court Rule 219 (2013 Kan. Ct. R. Annot. 407) prior to the consideration of a petition for reinstatement.

On August 17, 2012, the respondent filed a petition with this court for reinstatement to the practice of law in Kansas. The court referred the petition to the Disciplinary Administrator for investigation and hearing. On November 13, 2013, a hearing panel of the Kansas Board for Discipline of Attorneys conducted a hearing to consider respondent's petition for reinstatement.

On December 6, 2013, the hearing panel filed its report setting out the circumstances leading to respondent's suspension, a summary of the evidence presented, and its findings and recommendations. The panel unanimously recommended that respondent's petition for reinstatement to the practice of law in Kansas be granted, subject to practice limitations and supervision as follows:

> Psychological Treatment. Respondent will continue his treatment for depression with Dr. William Albott, throughout the period of supervision, unless in Dr. Albott's opinion, continued treatment is no longer necessary. Respondent will comply with recommendations made by Dr. Albott. Dr. Albott will notify the Disciplinary Administrator in the event that respondent discontinues treatment against his recommendation during the period of supervision. On a quarterly basis throughout the period of supervision, Dr. Albott will provide the Disciplinary Administrator and the practice supervisor with a report regarding respondent's progress in therapy. The reports are to be provided January 1, April 1, July 1, and October 1, of each year during the period of su-

pervision. Respondent will maintain a current release of information to allow Dr. Albott to provide such information to the Disciplinary Administrator and to the practice supervisor.

Practice Supervision. Respondent's practice will be supervised by John J. Ambrosio, Attorney at Law, of Topeka, Kansas. Ambrosio will be acting as an officer and agent of the court as supervisor in monitoring respondent's practice. Respondent will allow Ambrosio access to his files, his employees, his trust account, and his doctors. Ambrosio will monitor the following: the status of each case on respondent's case list, respondent's docketing system, respondent's management of discovery, and the views of the local judges regarding their evaluation of respondent's performance. Ambrosio will also review all written fee agreements before they are executed and assist respondent in his billing and collection practices.

Weekly Meetings. Respondent will meet with Ambrosio as directed by Ambrosio. Additionally, Ambrosio will be available to respondent by telephone for additional consultations. During respondent's meetings with Ambrosio, respondent will disclose the status of his pending cases and, specifically, whether he has failed to timely respond to requests for discovery, to motions to compel, or to orders to show cause.

Quarterly Reports. Every quarter, respondent will provide a written report to Ambrosio regarding the status of each of respondent's cases. The report will include a current case list which will identify each case by name, set forth all deadlines scheduled by the court, a statement regarding whether each deadline was met, and an explanation if a continuance was requested. In the event a deadline is missed, respondent and Ambrosio will immediately report the missed deadline to the Disciplinary Administrator. Every quarter, Ambrosio will provide a written report to the Disciplinary Administrator regarding respondent's compliance with the terms of supervision. The reports are to be provided January 1, April 1, July 1, and October 1, of each year during the period of supervision.

Calendar. Respondent will maintain a comprehensive calendar of court appearances, discovery deadlines, and other pleading deadlines. Respondent will allow Ambrosio access to the calender to review the entries.

Limitation of Practice. Respondent will not accept any case other than criminal cases.

Continuing Legal Education. Respondent will successfully complete 4 hours of law office management continuing legal education prior to June 30, 2014.

Professional Associations. The hearing panel recommends that respondent join bar associations and create other professional associations in an attempt to expand his networking opportunities.

Communication. Respondent will make every effort to return telephone calls within 2 business days of receipt.

Taxes. Respondent will timely file all tax returns. Respondent will timely pay his current taxes. Respondent will attempt to enter into a payment agreement with the taxing authorities for the outstanding taxes, penalties, and interest. Respondent will comply with any payment agreement made with the taxing authorities.

Continued Cooperation. Respondent will continue to cooperate with the Disciplinary Administrator. If the Disciplinary Administrator requests any additional information, respondent will timely provide such information.

Additional Violations. Respondent will not violate the terms of his supervision or the provisions of the Kansas Rules of Professional Conduct. In the event that respondent violates any of the terms of supervision or any of the provisions of the Kansas Rules of Professional Conduct at any time during the period of supervision, respondent and Ambrosio will immediately report such violation to the Disciplinary Administrator. The Disciplinary Administrator will take immediate action directing respondent to show cause why the supervision should not be revoked.

Duration. The hearing panel recommends that respondent's supervision continue for a period of 2 years. If, how-

ever, after 1 year, the Disciplinary Administrator concludes that respondent has successfully completed the terms and conditions of supervision and can gain no additional benefit by continued supervision, the hearing panel recommends that the court consider terminating the supervision early.

The court, after carefully considering the record, accepts the findings and recommendations of the hearing panel that respondent's license to practice law be reinstated, subject to practice limitations and supervision recommended by the hearing panel.

IT IS THEREFORE ORDERED that respondent be reinstated to the practice of law in Kansas, subject to the practice limitations and supervision as set forth above and upon his compliance with the annual continuing legal education requirements and upon his payment of all fees required by the Clerk of the Appellate Courts and the Kansas Continuing Legal Education Commission. When the respondent has complied with the annual continuing legal education requirements and has paid the fees required by the Clerk of the Appellate Courts and the Kansas Continuing Legal Education Commission, the Clerk is directed to enter the respondent's name upon the roster of attorneys engaged in the practice of law in Kansas.

IT IS FURTHER ORDERED that this order of reinstatement of Richard E. Jones shall be published in the official Kansas Reports, and the costs of the reinstatement proceedings are assessed to the respondent.

Dated this 7th day of January, 2014.